**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| NICOLE DIFLUMERI and LISA REINGOLD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RAYMOND JAMES FINANCIAL, INC.,<br><br>Defendant. | ) | Case No.: 6:25-cv-01899-AGM-LHP |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiffs Nicole Diflumeri and Lisa Reingold respectfully oppose Defendant Raymond James Financial, Inc.'s Motion to Stay Discovery (Doc. No. 33) pending resolution of its Motion to Dismiss (Doc. No. 28) ("MTD"). The requested stay is inconsistent with the governing standard in this District, unsupported by the record, and prejudicial to Plaintiffs and the putative Classes. The Court should deny the motion.

## I. Background

Plaintiffs filed their class action Complaint in the Circuit Court for the Eighteenth Judicial Circuit, Seminole County, Florida, on September 4, 2025.

Defendant removed the case to this Court on September 30, 2025, asserting that this Court has Article III jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Defendant then filed its Motion to Dismiss on November 17, 2025, asserting (in an about-face) Rule 12(b)(1) lack of Article III standing and, alternatively, Rule 12(b)(6) failure to state a claim on each of the eleven counts. On December 2, 2025, Defendant moved to stay discovery pending that motion.

The Complaint alleges eleven well-pleaded counts arising from Defendant's continued tracking of website users after they clicked "Decline" on the Website's cookie banner, including claims under the federal Electronic Communications Privacy Act, the Florida and California wiretap statutes, Florida and California common-law intrusion upon seclusion, invasion of privacy under the California Constitution, fraudulent/intentional misrepresentation under Florida and California law, breach of contract (Florida), and unjust enrichment (Florida and California).

Defendant promised Plaintiffs and Class members that they could maintain control and autonomy over their privacy by offering a cookie banner by which they could choose to "Decline" the use of tracking cookies during their use of the Website. Defendant's promise was a lie. After users like Plaintiffs' and Class members clicked to decline cookies, Defendant continued to allow AdTech companies to track them and intercept their communications and actions on the Website using cookies.

The pleading identifies the specific tracking technologies, cookies, and third-party partners deployed (including Google, Meta, X, LinkedIn, and Microsoft); describes the data intercepted (e.g., search terms, advisor contacts, page titles, zip-code

queries, and client-portal access events). Those detailed allegations plausibly establish standing and each element of the asserted claims at the pleading stage.

## II. Argument

### a. *Legal Standard*

In the Middle District of Florida, discovery stays pending a motion to dismiss are "rarely granted." Middle District Discovery (2021) § (I)(E)(4). "Normally, the pendency of a motion to dismiss… will not justify a unilateral motion to stay discovery." *Id.* "When discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Larosiere v. Wilson*, No. 6:24-CV-1629-WWB-LHP, 2025 WL 722860, at *2 (M.D. Fla. Mar. 6, 2025) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Only under "unusual circumstances" are stays of discovery pending resolution of a dispositive motion granted, and only after a "specific showing of prejudice or undue burden." Middle District Discovery (2021) § (I)(E)(4). The moving party bears the burden of showing good cause and reasonableness to stay discovery. *Id.*; *Feldman*, 176 F.R.D. at 652.

"In deciding whether to stay discovery pending resolution of a dispositive motion, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman*, 176 F.R.D. at 652. "In making this determination, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if

it appears to be clearly meritorious and truly case dispositive." *Larosiere*, 2025 WL 722860, at *2 (internal quotes omitted).

*b. Defendant has made no showing of prejudice and undue burden, and Plaintiffs will be prejudiced by a stay.*

In its Motion to Stay Discovery, Defendant fails to identify specific, articulable prejudice or undue burden that would result from allowing discovery to proceed. Defendant only musters the conclusory statement that "a stay of discovery would avoid unnecessary time and expense of costly discovery." Mo. to Stay at 5. Nothing in this statement shows any "unusual circumstances" causing a specific burden or prejudice that would warrant a stay of discovery. Middle District Discovery (2021) § (I)(E)(4). "Conclusory statements that discovery will be overly burdensome, extensive, and expensive are insufficient." *Larosiere*, 2025 WL 722860, at *4.

Further, as a practical matter, in the unlikely event that Defendant's Motion to Dismiss for lack of Article III jurisdiction should succeed under Rule 12(b)(1), the result would be that the case returns to state court (where Plaintiffs originally filed before Defendant removed, apparently confident at that time that this Court had Article III jurisdiction). So, even if Defendant were to win on this basis, discovery would continue all the same.

Also, in the equally unlikely event that Defendant's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim succeeds on any of Plaintiffs claims, absent a complete dismissal of all counts, the scope of discovery will remain the same. So, even if Plaintiffs are permitted to move forward on only one of their eleven claims,

Defendant's (ordinary) burden of discovery would remain unchanged. It can hardly be said that a stay would resolve any perceived prejudice or burden, nor "entirely eliminate the need for such discovery" when Defendant would be participating in that same discovery regardless of the result.

Plaintiffs, as the non-moving party, have no burden to show that a stay would cause them prejudice, but nonetheless Plaintiffs would be prejudiced by a stay.[1] The evidence in this case is uniquely ephemeral, involving website code, consent management platforms, and data stored with Defendant as well as multiple third parties which could be subject to short retention cycles. A stay in discovery would irreparably prejudice Plaintiffs. In contrast, Defendant's only prejudice or burden is simply the normal time and expense of ordinary discovery.

*c. Taking a "preliminary peek," Defendant's Motion to Dismiss is not "clearly meritorious or truly case dispositive."*

Defendant's Motion to Dismiss is unlikely to succeed against any of Plaintiffs' claims and would certainly not be case dispositive. "Absent a clear indication a case will be dismissed in its entirety, a motion to stay should be denied." *McCrimmon v.*

[1] Defendant's statement that "there is time built into the schedule for a stay while the motion to dismiss is pending" (Mo. to Stay at 5-6) is incorrect. This position is not manifest in any representation in the Parties' Case Management Report (Doc. No. 22), and Defendant never disclosed its intention to seek a stay during the preparation of that report. Plaintiffs proposed, and Defendant agreed to, a deadline for completion of discovery on January 15, 2026. Plaintiffs proposed such date with the understanding that discovery would begin immediately. Indeed, Plaintiffs served their first sets of Interrogatories and Requests for Production two days after the Case Management Report was filed.

*Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at*2 (M.D. Fla. Oct. 27, 2020).

First, Defendant's Motion to Dismiss is primarily based on mischaracterizations and oversights (not unlike their Motion to Stay). Defendant argues that the already thoroughly pleaded Complaint is not thorough enough and needs even more facts, which (although unnecessary) could easily be resolved by an amended complaint. Where it is "possible that the Court may grant the Motion to Dismiss but allow the Plaintiffs to file an amended complaint" the motion "would not necessarily be case dispositive." *Open Access for All, Inc. v. City of Flagler Beach*, No. 619CV406ORL41LRH, 2019 WL 13471415, at *2 (M.D. Fla. May 31, 2019); *see also In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (Under Rule 15(a)(2) parties are permitted to amend with "the court's leave…. [D]istrict courts should liberally grant leave to amend when the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief."); *see also Mitchener v. Talkspace Network LLC*, No. 2:24-CV-07067-JAK (BFMX), 2025 WL 1822801, at *8 (C.D. Cal. June 27, 2025) (a case cited in Defendant's MTD) (granting the defendant's motion to dismiss plaintiff's first amended complaint for lack of standing "WITHOUT PREJUDICE, i.e., with leave to amend." (emphasis in original)).

Further, Defendant's arguments in its Motion to Dismiss are far from "clearly meritorious." Where a plaintiff does not assert claims that appear "obviously dubious or legally unfounded" and there exist "colorable arguments in response" a motion to stay discovery should be denied. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-CV-36-

J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020). Defendant argues in its Motion to Dismiss that Plaintiffs' lack standing, challenging the pleadings about the kinds of information intercepted by the Website's embedded AdTech technology, and the privacy interests in such information (MTD at 6-11) – matters that Plaintiffs pleaded in great detail, including how interception of such information relates to the common law analogues of Intrusion upon Seclusion (counts four and eight in the Complaint) and Intrusion into Private Matters (count nine).

Defendant's alternative arguments to dismiss for failure to state a claim are equally non-meritorious. Defendant's hope for a dismissal of the entirety of the Complaint on its alternative 12(b)(6) theories requires the confluence of unlikely events that the Court rule in its favor on each of its numerous scattershot arguments against each of the eleven counts in the Complaint. Defendant picks at granular details in Federal, Florida, and California wiretapping laws; Florida and California intrusion upon seclusion common law; Florida and California misrepresentation common law; Florida contract law; and California constitutional law. It is unlikely that Defendant will succeed on one of these theories, much less going a perfect eleven-for-eleven. This is especially true considering the level of detail alleged in the Complaint including specific facts and demonstrative figures about: (1) how Defendant lied to Plaintiffs and Class members by misleading them into thinking they could decline tracking cookies, (2) how Defendant then facilitated the interception of Plaintiffs' and Class members' communications via AdTech cookies, and (3) how those interceptions are violations of statutory and common law. With these facts taken as true at the motion to dismiss

stage, Plaintiffs' claims cannot be said to be "obviously or legally unfounded," and Defendant's MTD is far from "clearly meritorious or case dispositive."

*d. Defendant's authorities are distinguishable.*

The cases Defendant cites are unpersuasive to show that a stay is appropriate here. Notably, Defendant fails to mention the Middle District of Florida's Discovery Handbook and its standards for showing the "unusual circumstances" that "may justify a stay of discovery." Middle District Discovery (2021) § (I)(E)(4). Instead, Defendant cites *Chudasama*[2] to support its assertion that "discovery stays… are encouraged." Mo. to Stay at 3. The opposite is true -- "Such motions for stay are rarely granted." Middle District Discovery (2021) § (I)(E)(4). The *Chudasama* decision has been noted for its unusual facts and clarified by numerous subsequent decisions to "not stand for the proposition that discovery must be stayed when a motion to dismiss is pending." *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-CV-36-J-39JRK, 2020 WL 6287681, at *1 (M.D. Fla. Oct. 27, 2020).

Defendant relies on numerous authorities stemming from outside the Middle District of Florida. *Isaiah*, *Redford*, and *Costco* were all decisions out of the Southern District of Florida and the Northern District of Georgia which do not adhere to the Middle District's Discovery Handbook and its disfavor of motions to stay discovery absent unusual circumstances of significant prejudice and undue burden. Further, the courts in each of those cases had determined the movant had showed its underlying

[2] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, (11th Cir. 1997).

motion to dismiss was likely meritorious – unlike Defendant. *Isaiah v. JPMorgan Chase Bank*, N.A., 960 F.3d 1296, 1309 (11th Cir. 2020); *Redford v. Gwinnett County Judicial Circuit*, 350 Fed. Appx. 341, 346 (11th Cir. 2009); *Goldstein v. Costco Wholesale Corp.*, No. 21-CV-80601-RAR, 2021 WL 2827757 (S.D. Fla. 2021).

Defendant's citations from the Middle District of Florida are similarly distinguishable to the present action. In *Bufkin* the court was required to enter a stay by the Federal Arbitration Act because the motion to dismiss was accompanied by a motion to compel arbitration. *Bufkin v. Scottrade, Inc.*, 812 Fed. Appx. 838 (11th Cir. 2020). In *Green*, the court made the determination that the movants had good cause for the stay. *Green v. Galencare, Inc.*, No. 8:25-CV-579-KKM-LSG, 2025 WL 3110577, (M.D. Fla. Nov. 6, 2025). Again, here Defendant's MTD is far from "clearly meritorious," and therefore unlike the movants in *Bufkin* and *Green* and unworthy of a stay of discovery. Finally, Defendant's last authority, *Thomas*, is inapplicable because the court's ruling was based on the plaintiff's failure to oppose the motion to stay. *Thomas v. Amentum Tech., Inc.*, No. 8:25-CV-1932-TPB-AAS, 2025 WL 2986632 (M.D. Fla. Oct. 23, 2025). Plaintiffs do not acquiesce here.

## III. Conclusion

For the reasons stated above, Raymond James has not carried its burden to show good cause for the extraordinary remedy of a discovery stay. Its Motion to Dismiss is neither clearly meritorious nor truly case-dispositive, and a stay would cause prejudice to Plaintiffs and the Class. The Court should deny the motion and

allow discovery to proceed under the ordinary Rules, consistent with Middle District Discovery (2021) § (I)(E)(4).

Dated: December 9, 2025

Respectfully Submitted,

*/s/ Samuel R. Jackson*
Samuel R. Jackson (*pro hac vice*)
Joseph Henry (Hank) Bates, III (*pro hac vice*)
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
Email: hbates@cbplaw.com
Email: sjackson@cbplaw.com

Joshua R. Jacobson (FBN# 1002264)
Jacob L. Jacobson (FBN# 0120130)
**JACOBSON PHILLIPS PLLC**
2277 Lee Road, Suite B
Winter Park, FL 32789
Telephone: (321) 447-6461
Facsimile: (407) 612-2206
Email: joshua@jacobsonphillips.com
Email: jacob@jacobsonphillips.com

*Attorneys for Plaintiffs*
*Nicole Diflumeri and Lisa Reingold*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Opposition to Defendant's Motion to Stay Discovery** was electronically filed with the Clerk of Court using the Court's CM/ECF system, and that copies were served via e-mail upon counsel of record addressed as follows:

Michael Bahar (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980
Telephone: (202) 383-0882
Email: michaelbahar@eversheds-sutherland.com

Amelia Toy Rudolph (FL State Bar #57015)
Thomas M. Byrne (*pro hac vice*)
Rebekah Lee Whittington O'Brien (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8797
Email: amyrudolph@eversheds-sutherland.com
Email: tombyrne@eversheds-sutherland.com
Email: rebekahobrien@eversheds-sutherland.com

This 9th day of December, 2025.

*/s/ Samuel R. Jackson*
Samuel R. Jackson