# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NICOLE DIFLUMERI and LISA
REINGOLD,

          Plaintiffs,

v.                                                         Case No:   6:25-cv-1899-AGM-LHP

RAYMOND JAMES FINANCIAL,
INC.,

          Defendant

_____

## ORDER

Before the Court is Defendant's Motion to Stay Discovery.  Doc. No. 33. Plaintiffs respond in opposition.  Doc. No. 35.  For the reasons that follow, Defendant's motion (Doc. No. 33) will be **DENIED**.

Plaintiffs instituted this putative class action in state court on September 4, 2025, alleging claims for violations of the Electronic Communications Privacy Act, the Florida Security of Communications and Surveillance Act, and the California Invasion of Privacy Act, claims under Florida law for breach of contract, intrusion upon seclusion, fraudulent misrepresentation, and unjust enrichment, and claims under California law for invasion of privacy, intrusion into private matters,

intentional misrepresentation, and unjust enrichment.   Doc. No. 1-1.   Broadly speaking, the claims all arise out of Plaintiff's allegations that Defendant improperly used website surveillance technologies ("cookies") to track and target its website visitors and improperly obtained and used personal and financial information.   *Id.* Defendant removed the matter to this Court on September 30, 2025.   Doc. No. 1.

On November 17, 2025, Defendant filed a motion to dismiss the complaint. Doc. No. 28.   That motion remains pending before the Presiding District Judge, and is not yet ripe for resolution.   *See* Doc. No. 34.   In the motion, Defendant argues that the named Plaintiffs lack Article III standing to assert the claims raised in the complaint, or alternatively, Plaintiffs fail to state any claim for relief.   Doc. No. 28.

Now before the Court is Defendant's motion to stay discovery during pendency of the motion to dismiss.   Doc. No. 33.   Defendant contends that its standing argument is dispositive of all of Plaintiffs' claims, and even if it were not, it also has established that all of Plaintiffs' claims should be dismissed for failure to state a claim.   *Id.* at 5.   Defendant further argues that there is no prejudice to Plaintiffs by a stay of discovery because the parties have agreed to a January 2027 discovery deadline.   *Id.* at 5–6; *see also* Doc. No. 22.   Plaintiffs oppose, arguing that standing is sufficiently established by the complaint, stays of discovery are disfavored in this District and a stay is unwarranted here, and they would be

prejudiced by a stay of discovery.   Doc. No. 35.   The motion has been referred to the undersigned, and the matter is ripe for review.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket.   *Clinton v. Jones*, 520 U.S. 681, 706 (1997).   *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").   However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District.   *See* Middle District Discovery (2021) § (I)(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dipositive motion. Such motions for stay are rarely granted.   However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.").   Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."   *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.*; Middle District Discovery (2021) § (I)(E)(4).   In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against

the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quotations omitted).

Upon consideration, Defendant has not shown good cause for a stay of discovery. As an initial matter, Defendant does not argue any undue burden or prejudice absent a stay. Doc. No. 33;[1] *see* Middle District Discovery (2021) § (I)(E)(4); *see also Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) ("[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." (citation omitted)). Instead, the motion rests entirely on the filing of the motion to dismiss, which Defendant deems case dispositive. Doc. No. 33. But the mere fact that there is a pending motion to dismiss does not, in and of itself, militate in favor of staying discovery. *See also* Middle District Discovery (2021) § (I)(E)(4).

---

[1] Failure to argue/establish as much renders Defendant's reliance on *Goldstein v. Costco Wholesale Corp.*, inapposite. *See Goldstein v. Costco Wholesale Corp.*, No. 21-CV-80601-RAR, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021) (discussing the significant costs, supported by declaration, that the defendant would incur absent a stay). And "[g]enerally referencing that discovery is time-consuming and expensive is insufficient." *Hamad v. Frontier Airlines, Inc.*, No. 6:23-cv-1209-WWB-LHP, 2024 WL 22031, at *2 (M.D. Fla. Jan. 2, 2024).

Moreover, taking a "preliminary peek" at Defendant's motion to dismiss, and without expressing any opinion as to its resolution, the undersigned is not convinced that Defendant's motion is so clearly meritorious such that a stay of discovery is warranted.   Indeed, this is not a situation where the allegations of the complaint are "especially dubious."   *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997); *see also Walsh v. Dollar Tree Stores, Inc.*, No. 25-CV-01601-SVK, 2025 WL 2939229, at *10–11 (N.D. Cal. Oct. 16, 2025) (finding Article III standing sufficiently pleaded on motion to dismiss similar claims regarding website cookies); *Gabrielli v. Haleon US Inc.*, No. 25-CV-02555-WHO, 2025 WL 2494368, at *4–8 (N.D. Cal. Aug. 29, 2025) (same).

In sum, the undersigned finds that the harm produced by the delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated.   *See Feldman*, 176 F.R.D. at 652.   Accordingly, the motion to stay discovery (Doc. No. 33) will be **DENIED**.   *See, e.g., Wiand*, 2022 WL 1239373, at *2 (denying stay of discovery based on motions to dismiss which alleged lack of standing and failure to state a claim, stating "the court cannot conclude at this time that the motions to dismiss will be granted and, even if so, whether such dismissal would be of the entire amended complaint, against each defendant, and with prejudice."); *Torres v. Wendy's Int'l, LLC*, No. 6:16-cv-210-Orl-40DCI, 2016 WL 7104870, at *3 (M.D. Fla. Nov. 29, 2016) (denying motion to stay discovery in face of

motion to dismiss raising issues of Article III standing and failure to state a claim, where the court was not convinced that the motion to dismiss was clearly meritorious, the defendant had not established undue burden, and a stay would hamper the progress of the case); *Feldman*, 176 F.R.D. at 653 (standing arguments in motion to dismiss were "not so clearly well taken so as to justify a discovery stay").

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record