IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| NICOLE DIFLUMERI and LISA REINGOLD, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 6:25-CV-01899-AGM-LHP |
| v. | ) | |
| RAYMOND JAMES FINANCIAL, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**A. Plaintiffs have no standing—on any count**.

The named Plaintiffs have not alleged harm sufficient to confer standing, and in their opposition rely on abstract narratives and outright evasions that are legally insufficient.

For starters, Defendant Raymond James Financial, Inc. ("RJ") nowhere requested that the complaint be "bifurcated" for consideration of standing or otherwise, as Plaintiffs contend (Dkt. 38 at 1, 10.) The motion explicitly and repeatedly requests that the entire complaint, not just select counts, be dismissed for lack of standing. Common-law counts are subject to the same standing requirements as statutory counts. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1125 (11th Cir. 2019). Because of the absence of an allegation of injury, Plaintiffs have no standing to assert any claim in this Court (or in Florida state court).

As explained in RJ's motion (Dkt. 28 at 6-11), Plaintiffs themselves have alleged little about their own experiences and in their opposition concede that the array of screenshots and figures embedded in the complaint are from "users like Plaintiffs"—*not* from Plaintiffs themselves. (Dkt. 38 at 12.) But named plaintiffs in putative class actions must themselves meet standing requirements for each count of their complaint. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). Merely upsetting Plaintiffs' expectations is not an Article III injury in this Circuit, as explained in RJ's opening brief (Dkt. 28 at 3-6). Plaintiffs do not even—and could not even—allege that RJ permitted anyone to access personally identifiable account information (transactions, holdings, etc.).

Plaintiffs argue *TransUnion LLC v. Ramirez,* 594 U.S. 413 (2021) helps their cause, but it does the opposite. (Dkt. 38 at 6.) That case found standing only where the defendant publicly disseminated credit reports falsely listing the plaintiffs as potential *terrorists*. *Ramirez*, 594 U.S. at 432. That harm is akin to the harm resulting from common-law defamation. *Id.* Contrast here, where the most that could have happened to Plaintiffs (though not alleged) is receipt of advertising. No one could reasonably claim that receipt of advertising (even if alleged) is tantamount to being listed as a potential terrorist. The tort of intrusion upon seclusion requires "highly offensive" behavior, which anonymized data tracking of the sort alleged here is not, as a matter of law.

At bottom, Plaintiffs have no answer to just how potential exposure to *advertisements* could sufficiently confer standing when courts have already held that potential exposure to identity theft does not (*e.g.*, *Nelson v. Experian*, 144 F.4th 1350 (11th Cir. 2025), Dkt. 28 at 6).

Plaintiffs attempt to cast RJ's standing arguments as an "about-face," even "fraudulent," because RJ sought dismissal on standing grounds after removal. But the complaint asserts both a federal claim and a class action removable under the Class Action Fairness Act. 28 U.S.C. § 1453. RJ is statutorily entitled to have the Court determine its jurisdiction and, if any count were to satisfy standing requirements, to have it adjudicated here. Plaintiffs have insisted, moreover, that they have standing, so the issue can hardly be characterized as "fraudulent." *See Ladies Mem'l Ass'n v. City of Pensacola,* 662 F. Supp. 3d 1212, 1217-18 (N.D Fla. 2023) (removal followed by standing-based dismissal motion objectively reasonable); *Bailey v. Spangler,* No. 3:14cv556, 2015 WL 5818215, at *3 (E.D. Va. Oct. 5, 2015) (same).[1]

**B. Plaintiffs' lack of injury precludes their privacy-related claims.**

Plaintiffs' lack of standing also substantively undermines their privacy-related claims. Plaintiffs' allegations about browsing information, especially since the information admittedly does not belong to the named Plaintiffs, does not

---

[1] While, as required, RJ's motion assumes the truth of the complaint's factual allegations, RJ has admitted none of them and reserves its rights.

amount to personal or sensitive information under statutory or common law definitions.

**C. Plaintiffs fail to state any wiretapping claims.**[2]

As explained in RJ's opening brief, all three wiretapping claims require the information allegedly intercepted be the "content" of a communication and not merely record information. (Dkt. 28 at 14-20). While Plaintiffs' opposition claims that descriptive URLs and search terms are "content," Plaintiffs do not attempt to rebut the fact that allegedly intercepted data such as the identities of financial advisors' webpages viewed, taps on a phone number on a webpage, the titles of webpages visited, zip codes input to identify local financial advisors, and the fact that some unidentified person is among thousands of visitors to RJ's website do not constitute "the contents" of any communication. Accordingly, the Court should not consider that type of data to be "content" under the wiretapping statutes.

Second, Plaintiffs argue that the party-to-the-communication provision in the federal wiretapping act (18 U.S.C. § 2511(2)(d)) does not apply when the communications were intercepted for a tortious or criminal purpose. But they fail to acknowledge that the tort or crime needs to be *independent* of the alleged interception itself. *Caro v. Weintraub*, 618 F.3d 94, 98 (2d Cir. 2010); *Allen v. Quicken Loans Inc.*, No. 17-12352, 2018 WL 5874088, at *6 (D.N.J. Nov. 9, 2018). Plaintiffs'

[2] As explained in RJ's opening brief, Plaintiffs have failed to state any claim. This reply rebuts certain of Plaintiffs' arguments on select claims.

alleged crime and torts are all duplicative of the same underlying conduct as their wiretapping claims and cannot serve double-duty as an independent crime or tort.

In addition, Plaintiffs' assertion that RJ violated the Gramm-Leach Bliley-Act ("GLBA") fails because (1) the GLBA provision which Plaintiffs allege RJ violated is a civil provision, not a criminal statute;[3] (2) the GLBA definition of personal information does not apply to the common-law counts or statutory claims because GLBA applies to financial institutions in certain contexts and certainly not to state-based privacy claims; and (3) this assertion is not in the complaint.[4] Thus, Plaintiffs have not sufficiently alleged any crime or tort.

Third, Plaintiffs' argument that the Florida Security of Communications Act ("FSCA") is applicable to "website tracking technology" fails. In *Jacome v. Spirit Airlines Inc.*, No. 2021-000947-CA-01, 2021 WL 3087860 (Fla. Cir. Ct. June 17, 2021), the plaintiff alleged that "keystrokes, search terms, information inputted by Plaintiff, and pages and content viewed by Plaintiff were intercepted." The court determined that the FSCA did not cover this sort of interception. *Id.* at *4. Similarly here, Plaintiffs allege their search terms, zip codes inputted by them, and pages and content viewed and clicked on were intercepted. (Comp. ¶ 135.) Plaintiffs also

---

[3] Plaintiffs argue that RJ violated 15 U.S.C. § 6802(a), which only provides for civil enforcement by regulators. The only criminal enforcement of GLBA relates to violations of 15 U.S.C. § 6821.

[4] And, as Plaintiffs concede, there is no private right of action for violations of GLBA.

cite *Gabrielli v. Haleon US Inc.*, No. 25-cv-02555-WHO, 2025 WL 2494368, at *7 (N.D. Cal. Aug. 29, 2025), but that case did not involve an alleged FSCA violation.

**D. Plaintiffs fail to state a breach of contract claim.**

Plaintiffs misconstrue a statement in RJ's motion to dismiss as a concession that its Cookie Banner is a "sham promise," and that "the experience is the same" for users that decline or accept cookies. (Dkt. 38 at 19-20.) But this presupposes the existence of non-existent contracts. There were no mutual obligations required for a contract to exist in the first place. RJ merely pointed out that a user does not have to take any action related to cookies to use and access the website. (Dkt. 28 at 25.) Plaintiffs do not cite a single case related to cookie banners; they only cite cases involving website general terms and conditions, which are not at issue.

**E. Plaintiffs' intrusion upon seclusion claim under Florida common law fails.**

Plaintiffs cites *Pet Supermarket, Inc. v. Eldridge*, 360 So. 3d 1201, 1206 (Fla. 3d DCA 2023), for the proposition that "electronically accessing private information" can be the basis of an intrusion upon seclusion claim under Florida law, but that proposition appears nowhere in the case. In *Eldridge*, the court dismissed the plaintiff's claim for lack of standing because the plaintiff was not injured by unwanted text messages. An intrusion upon seclusion claim cannot be based upon an intrusion that took place on the internet because a private place was not invaded. (Dkt. 28 at 21-22.) Even if it could be, the intrusion would not be highly offensive for the reasons stated above.

*s/ Michael Bahar*
Michael Bahar (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, NW
Suite 700
Washington, DC 20001-3980
202.383.0882
*michaelbahar@eversheds-sutherland.com*

*s/ Thomas M. Byrne*
Thomas M. Byrne (*pro hac vice*)
Amelia Toy Rudolph (FL State Bar #57015)
Rebekah Whittington O'Brien (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
404.853.8000
*tombyrne@eversheds-sutherland.com*
*amyrudolph@eversheds-sutherland.com*
*rebekahobrien@eversheds-sutherland.com*

*Attorneys for Defendant*
*Raymond James Financial, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** was electronically filed with the Clerk of Court using the Court's CM/ECF system, and that copies were served via e-mail upon counsel of record addressed as follows:

Jacob L. Phillips
Joshua R. Jacobson
JACOBSON PHILLIPS PLLC
2277 Lee Road, Suite B
Winter Park, FL 32789
jacob@jacobsonphillips.com
joshua@jacobsonphillips.com

Samuel R. Jackson
Joseph Henry Bates, III
CARNEY BATES & PULLIAM, PLLC
One Allied Drive, Suite 1400
Little Rock, AR 72202
sjackson@cbplaw.com
hbates@cbplaw.com

This 6th day of January, 2026.

*/s/ Rebekah Whittington O'Brien*
Rebekah Whittington O'Brien